# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**THEODORE HAMMOND, CAROL HAMMOND,**

                **Plaintiffs,**

**-vs-**                                                         **Case No. 6:07-cv-139-Orl-28DAB**

**AETNA HEALTH INC.,**

                **Defendant.**

_____

## ORDER

This cause came on for consideration without oral argument on the following motion filed herein:

| | |
|---|---|
| **MOTION:** | **DEFENDANT'S RENEWED MOTION FOR ENLARGEMENT OF TIME TO RESPOND TO COMPLAINT (Doc. No. 11)** |
| **FILED:** | **February 6, 2007** |

**THEREON** it is **ORDERED** that the motion is **DENIED in part**. As the Court stated previously in Doc. No. 3, it does not as a rule grant indefinite extensions. Defendant is **ORDERED** to respond to the Complaint by February 16, 2007.

| | |
|---|---|
| **MOTION:** | **PLAINTIFF'S MOTION FOR ENTRY OF DEFAULT (Doc. No. 12)** |
| **FILED:** | **February 8, 2007** |

**THEREON** it is **ORDERED** that the motion is **DENIED** without prejudice.

Plaintiffs filed this suit seeking health care insurance benefits in state court against Defendant on December 15, 2006. Doc. No. 1. Defendant was served with the Complaint on December 27, 2006 and requested extensions of time to file its response until January 29, 2007. Doc. No. 12. Defendant's removal of the case to this Court on January 29, 2006 was untimely – being 33 days following service. However, Plaintiffs have not yet filed a motion for remand[1]. Doc. No. 1. Instead, Plaintiffs now seek a default against Defendant for failing to file a response to the complaint or leave for an extension. Because it is clear from Defendant's removal of the case, albeit untimely, that it intend to defend against the suit against it, default is inappropriate. Defendants will be allowed an extension until February 16, 2007 to file a response Plaintiffs' claims in order for the Court to decide the case on the merits.

**DONE** and **ORDERED** in Orlando, Florida on February 12, 2007.

*David A. Baker*
DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record

---

[1] Although the Court cannot *sua sponte* remand a case to state court for untimely removal of the case, and because Defendant's untimely notice of removal is a procedural defect, not a jurisdictional defect, the Court may remand the case only if such defect is raised in a motion to remand filed by Plaintiff within thirty days of the filing of the Notice of Removal, or in this case by February 27, 2007. 28 U.S.C. § 1447(c). *See Whole Health Chiropractic & Wellness, Inc. v. Humana Medical Plan, Inc.,* 254 F.3d 1317, 1319 (11th Cir. 2001) (holding that § 1447(c) does not authorize any *sua sponte* remand order not based on subject matter jurisdiction – even if made within the thirty day period); *In re Uniroyal Goodrich Tire Co.,* 104 F.3d 322, 324 (11th Cir. 1997) (holding that the untimeliness of a notice of removal is a procedural, rather than a jurisdictional, defect).