# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## ORLANDO DIVISION

THEODORE HAMMOND, CAROL
HAMMOND,

                **Plaintiffs,**

-vs-                                      **Case No.  6:07-cv-139-Orl-28DAB**

AETNA HEALTH INC.,

                **Defendant.**

_____

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

      This cause came on for consideration without oral argument on the following motion filed herein:

> | | |
> |---|---|
> | **MOTION:** | **PLAINTIFFS' AMENDED MOTION TO REMAND (Doc. No. 16)** |
> | **FILED:** | **February 13, 2007** |
>
> **THEREON** it is **RECOMMENDED** that the motion be **GRANTED**.

      Plaintiffs filed this suit in state court against Defendant Aetna Health Inc. on December 15, 2006 seeking health care insurance benefits.  Doc. No. 1.  Plaintiffs served Aetna with the Complaint on December 27, 2006.  Doc. No. 12 at 5.  Aetna filed its Notice of Removal in this Court on January 29, 2007, or thirty-three days after being served.  Doc. No. 1, 25 ¶ 3.  Plaintiffs filed a Motion for Default which was denied without prejudice because Aetna had filed its Notice of Removal, albeit untimely, and evidenced its desire to defend the case on the merits.  Doc. No. 13.  Subsequently,

Plaintiffs filed this Amended Motion to Remand for Aetna's untimely removal of the case.  Doc. No. 16.  Aetna opposes remand on various grounds[1].  Doc. No. 25.

The party seeking removal has the burden of establishing federal jurisdiction. *See Diaz v. Sheppard,* 85 F.3d 1502, 1505 (11th Cir.1996), *cert. denied,* 520 U.S. 1162, 117 S.Ct. 1349, 137 L.Ed.2d 506 (1997).  Because the removal statutes are strictly construed against removal, generally speaking, all doubts about removal must be resolved in favor of remand. *Burns v. Windsor Ins. Co.,* 31 F.3d 1092, 1095 (11th Cir.1994).

Federal court removal is governed by 28 U.S.C. § 1441, which provides in pertinent part that "[e]xcept as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction may be removed by the defendant or the defendants to the district court of the United States for the district and division embracing the place where such action is pending."  A defendant desiring to remove a civil action must file a notice of removal, together with all process, pleadings, and orders served upon the defendant in the appropriate United States District Court.  28 U.S.C. § 1446(a).  The proper procedure for removal of a case from state to federal court is set forth in 28  U.S.C. § 1446.  Section 1446(b) provides in pertinent part:

> The notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within thirty

---

[1]

Aetna improperly filed its "objections" to this Court's ruling on Plaintiffs' Motion for Default under Rule 72(a) within the body of its Response to Plaintiff's Amended Motion for Remand. Doc. No. 25. Any such "objections" are to be filed by separate pleading for consideration by the District Judge rather than in a response to a motion which has been referred to the Magistrate Judge for report and recommendation. *See* FED. R. CIV. P. 72; Local Rule 6.02(a). Although this Court leaves for the District Judge to decide the "objections" within Aetna's response, the Court will address Aetna's general arguments concerning a trial court's authority to remand a case for defects in the removal procedure.

days after the service of summons upon the defendant if such initial
pleading has then been filed in court and is not required to be served
on the defendant, whichever period is shorter. . . .

"[A] named defendant's time to remove is triggered by simultaneous service of the summons and

complaint, or receipt of the complaint 'through service or otherwise.'" *Murphy Bros., Inc. v. Michetti*

*Pipe Stringing, Inc.*, 526 U.S. 344, 347-48 (1999). If the summons and complaint are served together,

the 30-day period for removal runs at once. *Id.* at 35.

The Eleventh Circuit has held that a district court may not *sua sponte* decide to remand a case

for procedural defects other than lack of subject matter jurisdiction. *Yusefzadeh v. Nelson, Mullins,*

*Riley & Scarborough, LLP,* 365 F.3d 1244, 1245 (11th Cir. 2004); *Whole Health Chiropractic &*

*Wellness, Inc. v. Humana Medical Plan, Inc.,* 254 F.3d 1317, 1320-21 (11th Cir. 2001). A trial court

may remand a case that has been improperly removed within thirty days of the removal; however, the

district judge should wait for the plaintiffs to reveal whether they want to forgive the procedural

defect and accept a federal forum, rather than *sua sponte* remand a case. *Velchez v. Carnival Corp.,*

331 F.3d 1207 (11th Cir. 2003); *Whole Health Chiropractic & Wellness, Inc. v. Humana Medical Plan,*

*Inc.*, 254 F.3d 1317, 1320 (11th Cir. 2001). A motion made by a party "is essential to a remand under

the first sentence of section 1447(c)" because non-jurisdictional objections to removal may be waived.

*In re Continental Casualty Company*, 29 F.3d 292, 294 (7th Cir. 1994) (discussed with approval in

*Whole Health*). "The plaintiff has a right to remand if the defendant did not take the right steps when

removing, but the plaintiff also may accept the defendant's choice of a federal forum. Procedural

defects in removal are in this respect similar to the lack of personal jurisdiction and other

shortcomings that may be waived or forfeited. Having found himself in federal court after removal,

the plaintiff may want to stay there." *In re FMC Corporation Packaging Systems Div.,* 208 F.3d 445,

451 (3rd Cir. 2000) (citing *In re Continental Casualty*, 29 F.3d at 294 and *Ayers v. Watson*, 113 U.S. 594 (1885)).  The example the Eleventh Circuit provides is plaintiffs filing a case with claims arising under federal law in state court rather than federal court to avoid an immediate statute of limitations deadline when the state courthouse is closer in proximity than a distant federal courthouse – with the expectation that the defendant will remove the case to federal court.  *Whole Health*, 254 F.3d at 1321. In this case, Plaintiffs' filing of a Motion seeking remand indisputably indicates that Plaintiffs wish to have the case heard in state court.[2] *Cf. Velchez,* 331 F.3d at 1210 ("*Sua sponte* means '[w]ithout prompting or suggestion; on its own motion" which did not fit case in which the plaintiff filed a motion seeking remand, albeit on grounds different from those held by trial court).

Plaintiffs contend that this lawsuit should be remanded because Aetna did not file its notice of removal within thirty days of receiving their Complaint, as required by 28 U.S.C.A. § 1446(b). Doc. No. 16.  It is undisputed that Aetna was served with Plaintiffs' Complaint on December 27, 2006, but did not file its Notice of Removal in this Court until January 29, 2007, or thirty-three days later.  Doc. No. 25 ¶ 3.  Aetna contends that because it served Plaintiffs with a copy of the removal papers (in an undisclosed manner) and placed the Notice of Removal in the "overnight" express mail on January 26, 2007, its Notice of Removal was timely "served" within the 30 day time period allotted for removal under 28 U.S.C. § 1446.  Doc. No. 25 ¶ 2.

Pursuant to the clear language of § 1446, the notice of removal "shall be *filed* within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief."  28  U.S.C. § 1446 (emphasis added).  Aetna's *service* of the

---

[2]Assuming *arguendo* that counsel for Aetna's self-serving affidavit is correct, and even if Plaintiffs' counsel did not immediately realize Aetna's Notice of Removal was untimely filed, nonetheless it is clear that Plaintiffs wanted the case remanded and Aetna should not benefit from counsel's miscalculation of days for removal.

removal papers on Plaintiffs is irrelevant for purposes of compliance with § 1446(a), and is actually governed by a different subsection, § 1446(d).  Alternatively, Aetna implies that its late filing on Monday, January 29, 2007 was somehow made timely because the Clerk's office stamped "Filed" on the Notice of Removal, but manually crossed it out and wrote in the word "Received."  Doc. No. 25 ¶ 3.  In general, the Clerk marks only original copies as "Filed" and marks additional copies (submitted along with the original) as "Received."  If a copy is inadvertently marked "Filed" but does not contain the original signature of counsel because it is a copy, the Clerk crosses through the "Filed" stamp, marks it "Received," and returns this copy to the filing party.  Regardless of whether Aetna's returned copies were marked "Filed" or "Received," the fact is that the Notice of Removal was not filed until January 29, 2007, thirty-three days after it was served.  Placing the Notice of Removal with the "overnight" private courier (even if that constituted "mailing" which is questionable) or with the United States Postal Service is insufficient and does not constitute a "filing" at the time the document is put in the mail.  Under Rule 5(b)(2)(a), only *service* – not a filing with the court – may be effectuated by placing a document in the mail.  Aetna cites no case law in support of its contrary position.

Under Federal Rule of Civil Procedure 6, "[w]henever a party has the right or is required to do some act or take some proceedings within a prescribed period after the service of a notice or other paper upon the party and the notice or paper is served upon the party by mail, three days shall be added to the prescribed period."  Fed. R. Civ. P. 6(e).  The courts who have considered the issue have concluded that Rule 6(e) does not extend the statutory 30-day period for filing a notice of removal.  *See, e.g., Daniel v. United Wisconsin Life Ins. Co.,* 84 F.Supp.2d 1353, 1357 (M.D. Ala. 2000); *Mitchell v. Kentucky-American Water Co.*, 178 F.R.D. 140, 142 (E.D.Ky.1997); *Connors v. City of*

*Philadelphia,* No. CIV. A. 94-2145, 1994 WL 198659, at *1 (E.D. Pa. May 20, 1994); *L & O Partnership No. 2 v. Aetna Cas. and Sur. Co.,* 761 F.Supp. 549, 550 (N.D. Ill.1991); *Skidaway Assoc., Ltd. v. Glens Falls Ins. Co.,* 738 F.Supp. 980, 981 (D.S.C. 1990); *Perrin v. Walker,* 385 F.Supp. 945, 948 (E.D. Ill.1974).  Moreover, it is undisputed that personal service was made on Aetna's registered agent and service was not by mail.  Doc. No. 12 at 5.

Failure to file written objections to the proposed findings and recommendations contained in this report within ten (10) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on February 28, 2007.

*David A. Baker*

DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Courtroom Deputy

# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

THEODORE HAMMOND, CAROL
HAMMOND,

                            Plaintiffs,

-vs-                                                    Case No.  6:07-cv-139-Orl-28DAB

AETNA HEALTH INC.,

                            Defendant.
_____

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

        This cause came on for consideration without oral argument on the following motion filed

herein:

| | |
|---|---|
| **MOTION:** | **PLAINTIFFS' AMENDED MOTION TO REMAND (Doc. No. 16)** |
| **FILED:** | **February 13, 2007** |

        **THEREON** it is **RECOMMENDED** that the motion be **GRANTED**.

        Plaintiffs filed this suit in state court against Defendant Aetna Health Inc. on December 15,

2006 seeking health care insurance benefits.  Doc. No. 1.  Plaintiffs served Aetna with the Complaint

on December 27, 2006.  Doc. No. 12 at 5.  Aetna filed its Notice of Removal in this Court on January

29, 2007, or thirty-three days after being served.  Doc. No. 1, 25 ¶ 3.  Plaintiffs filed a Motion for

Default which was denied without prejudice because Aetna had filed its Notice of Removal, albeit

untimely, and evidenced its desire to defend the case on the merits.  Doc. No. 13.  Subsequently,

Plaintiffs filed this Amended Motion to Remand for Aetna's untimely removal of the case.  Doc. No. 16.  Aetna opposes remand on various grounds[1].  Doc. No. 25.

The party seeking removal has the burden of establishing federal jurisdiction. *See Diaz v. Sheppard,* 85 F.3d 1502, 1505 (11th Cir.1996), *cert. denied,* 520 U.S. 1162, 117 S.Ct. 1349, 137 L.Ed.2d 506 (1997).  Because the removal statutes are strictly construed against removal, generally speaking, all doubts about removal must be resolved in favor of remand. *Burns v. Windsor Ins. Co.,* 31 F.3d 1092, 1095 (11th Cir.1994).

Federal court removal is governed by 28 U.S.C. § 1441, which provides in pertinent part that "[e]xcept as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction may be removed by the defendant or the defendants to the district court of the United States for the district and division embracing the place where such action is pending."  A defendant desiring to remove a civil action must file a notice of removal, together with all process, pleadings, and orders served upon the defendant in the appropriate United States District Court. 28 U.S.C. § 1446(a).  The proper procedure for removal of a case from state to federal court is set forth in 28  U.S.C. § 1446.  Section 1446(b) provides in pertinent part:

> The notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within thirty

---

[1]

Aetna improperly filed its "objections" to this Court's ruling on Plaintiffs' Motion for Default under Rule 72(a) within the body of its Response to Plaintiff's Amended Motion for Remand. Doc. No. 25. Any such "objections" are to be filed by separate pleading for consideration by the District Judge rather than in a response to a motion which has been referred to the Magistrate Judge for report and recommendation. *See* FED. R. CIV. P. 72; Local Rule 6.02(a). Although this Court leaves for the District Judge to decide the "objections" within Aetna's response, the Court will address Aetna's general arguments concerning a trial court's authority to remand a case for defects in the removal procedure.

days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter. . . .

"[A] named defendant's time to remove is triggered by simultaneous service of the summons and complaint, or receipt of the complaint 'through service or otherwise.'" *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 347-48 (1999). If the summons and complaint are served together, the 30-day period for removal runs at once. *Id.* at 35.

The Eleventh Circuit has held that a district court may not *sua sponte* decide to remand a case for procedural defects other than lack of subject matter jurisdiction. *Yusefzadeh v. Nelson, Mullins, Riley & Scarborough, LLP,* 365 F.3d 1244, 1245 (11th Cir. 2004); *Whole Health Chiropractic & Wellness, Inc. v. Humana Medical Plan, Inc.,* 254 F.3d 1317, 1320-21 (11th Cir. 2001). A trial court may remand a case that has been improperly removed within thirty days of the removal; however, the district judge should wait for the plaintiffs to reveal whether they want to forgive the procedural defect and accept a federal forum, rather than *sua sponte* remand a case. *Velchez v. Carnival Corp.,* 331 F.3d 1207 (11th Cir. 2003); *Whole Health Chiropractic & Wellness, Inc. v. Humana Medical Plan, Inc.*, 254 F.3d 1317, 1320 (11th Cir. 2001). A motion made by a party "is essential to a remand under the first sentence of section 1447(c)" because non-jurisdictional objections to removal may be waived. *In re Continental Casualty Company*, 29 F.3d 292, 294 (7th Cir. 1994) (discussed with approval in *Whole Health*). "The plaintiff has a right to remand if the defendant did not take the right steps when removing, but the plaintiff also may accept the defendant's choice of a federal forum. Procedural defects in removal are in this respect similar to the lack of personal jurisdiction and other shortcomings that may be waived or forfeited. Having found himself in federal court after removal, the plaintiff may want to stay there." *In re FMC Corporation Packaging Systems Div.,* 208 F.3d 445,

-3-

451 (3rd Cir. 2000) (citing *In re Continental Casualty*, 29 F.3d at 294 and *Ayers v. Watson*, 113 U.S.

594 (1885)).  The example the Eleventh Circuit provides is plaintiffs filing a case with claims arising

under federal law in state court rather than federal court to avoid an immediate statute of limitations

deadline when the state courthouse is closer in proximity than a distant federal courthouse – with the

expectation that the defendant will remove the case to federal court.  *Whole Health*, 254 F.3d at 1321.

In this case, Plaintiffs' filing of a Motion seeking remand indisputably indicates that Plaintiffs wish

to have the case heard in state court.[2] *Cf. Velchez,* 331 F.3d at 1210 ("*Sua sponte* means '[w]ithout

prompting or suggestion; on its own motion" which did not fit case in which the plaintiff filed a

motion seeking remand, albeit on grounds different from those held by trial court).

Plaintiffs contend that this lawsuit should be remanded because Aetna did not file its notice

of removal within thirty days of receiving their Complaint, as required by 28 U.S.C.A. § 1446(b).

Doc. No. 16.  It is undisputed that Aetna was served with Plaintiffs' Complaint on December 27,

2006, but did not file its Notice of Removal in this Court until January 29, 2007, or thirty-three days

later.  Doc. No. 25 ¶ 3.  Aetna contends that because it served Plaintiffs with a copy of the removal

papers (in an undisclosed manner) and placed the Notice of Removal in the "overnight" express mail

on January 26, 2007, its Notice of Removal was timely "served" within the 30 day time period allotted

for removal under 28 U.S.C. § 1446.  Doc. No. 25 ¶ 2.

Pursuant to the clear language of § 1446, the notice of removal "shall be *filed* within thirty

days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading

setting forth the claim for relief."  28  U.S.C. § 1446 (emphasis added).  Aetna's *service* of the

---

[2]Assuming *arguendo* that counsel for Aetna's self-serving affidavit is correct, and even if Plaintiffs' counsel did not immediately realize Aetna's Notice of Removal was untimely filed, nonetheless it is clear that Plaintiffs wanted the case remanded and Aetna should not benefit from counsel's miscalculation of days for removal.

removal papers on Plaintiffs is irrelevant for purposes of compliance with § 1446(a), and is actually governed by a different subsection, § 1446(d).  Alternatively, Aetna implies that its late filing on Monday, January 29, 2007 was somehow made timely because the Clerk's office stamped "Filed" on the Notice of Removal, but manually crossed it out and wrote in the word "Received."  Doc. No. 25 ¶ 3.  In general, the Clerk marks only original copies as "Filed" and marks additional copies (submitted along with the original) as "Received."  If a copy is inadvertently marked "Filed" but does not contain the original signature of counsel because it is a copy, the Clerk crosses through the "Filed" stamp, marks it "Received," and returns this copy to the filing party.  Regardless of whether Aetna's returned copies were marked "Filed" or "Received," the fact is that the Notice of Removal was not filed until January 29, 2007, thirty-three days after it was served.  Placing the Notice of Removal with the "overnight" private courier (even if that constituted "mailing" which is questionable) or with the United States Postal Service is insufficient and does not constitute a "filing" at the time the document is put in the mail.  Under Rule 5(b)(2)(a), only *service* – not a filing with the court – may be effectuated by placing a document in the mail.  Aetna cites no case law in support of its contrary position.

Under Federal Rule of Civil Procedure 6, "[w]henever a party has the right or is required to do some act or take some proceedings within a prescribed period after the service of a notice or other paper upon the party and the notice or paper is served upon the party by mail, three days shall be added to the prescribed period." Fed. R. Civ. P. 6(e).  The courts who have considered the issue have concluded that Rule 6(e) does not extend the statutory 30-day period for filing a notice of removal. *See, e.g., Daniel v. United Wisconsin Life Ins. Co.,* 84 F.Supp.2d 1353, 1357 (M.D. Ala. 2000); *Mitchell v. Kentucky-American Water Co.,* 178 F.R.D. 140, 142 (E.D.Ky.1997); *Connors v. City of*

*Philadelphia,* No. CIV. A. 94-2145, 1994 WL 198659, at *1 (E.D. Pa. May 20, 1994); *L & O Partnership No. 2 v. Aetna Cas. and Sur. Co.,* 761 F.Supp. 549, 550 (N.D. Ill.1991); *Skidaway Assoc., Ltd. v. Glens Falls Ins. Co.,* 738 F.Supp. 980, 981 (D.S.C. 1990); *Perrin v. Walker,* 385 F.Supp. 945, 948 (E.D. Ill.1974).  Moreover, it is undisputed that personal service was made on Aetna's registered agent and service was not by mail.  Doc. No. 12 at 5.

Failure to file written objections to the proposed findings and recommendations contained in this report within ten (10) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on February 28, 2007.

*David A. Baker*
_____
DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Courtroom Deputy

# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**THEODORE HAMMOND, CAROL HAMMOND,**

                                **Plaintiffs,**

**-vs-**                                                **Case No.  6:07-cv-139-Orl-28DAB**

**AETNA HEALTH INC.,**

                                **Defendant.**

_____

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

This cause came on for consideration without oral argument on the following motion filed herein:

| | |
|---|---|
| **MOTION:** | **PLAINTIFFS' AMENDED MOTION TO REMAND (Doc. No. 16)** |
| **FILED:** | **February 13, 2007** |

**THEREON** it is **RECOMMENDED** that the motion be **GRANTED**.

Plaintiffs filed this suit in state court against Defendant Aetna Health Inc. on December 15, 2006 seeking health care insurance benefits. Doc. No. 1. Plaintiffs served Aetna with the Complaint on December 27, 2006. Doc. No. 12 at 5. Aetna filed its Notice of Removal in this Court on January 29, 2007, or thirty-three days after being served. Doc. No. 1, 25 ¶ 3. Plaintiffs filed a Motion for Default which was denied without prejudice because Aetna had filed its Notice of Removal, albeit untimely, and evidenced its desire to defend the case on the merits. Doc. No. 13. Subsequently,

Plaintiffs filed this Amended Motion to Remand for Aetna's untimely removal of the case.  Doc. No.

16.  Aetna opposes remand on various grounds[1].  Doc. No. 25.

The party seeking removal has the burden of establishing federal jurisdiction. *See Diaz v.*

*Sheppard,* 85 F.3d 1502, 1505 (11th Cir.1996), *cert. denied,* 520 U.S. 1162, 117 S.Ct. 1349, 137

L.Ed.2d 506 (1997).  Because the removal statutes are strictly construed against removal, generally

speaking, all doubts about removal must be resolved in favor of remand. *Burns v. Windsor Ins. Co.,*

31 F.3d 1092, 1095 (11th Cir.1994).

Federal court removal is governed by 28 U.S.C. § 1441, which provides in pertinent part that

"[e]xcept as otherwise expressly provided by Act of Congress, any civil action brought in a State court

of which the district courts of the United States have original jurisdiction may be removed by the

defendant or the defendants to the district court of the United States for the district and division

embracing the place where such action is pending."  A defendant desiring to remove a civil action

must file a notice of removal, together with all process, pleadings, and orders served upon the

defendant in the appropriate United States District Court. 28 U.S.C. § 1446(a).  The proper procedure

for removal of a case from state to federal court is set forth in 28  U.S.C. § 1446.  Section 1446(b)

provides in pertinent part:

> The notice of removal of a civil action or proceeding shall be filed
> within thirty days after the receipt by the defendant, through service or
> otherwise, of a copy of the initial pleading setting forth the claim for
> relief upon which such action or proceeding is based, or within thirty

---

[1]

Aetna improperly filed its "objections" to this Court's ruling on Plaintiffs' Motion for Default under Rule 72(a) within the body of its Response to Plaintiff's Amended Motion for Remand.  Doc. No. 25.  Any such "objections" are to be filed by separate pleading for consideration by the District Judge rather than in a response to a motion which has been referred to the Magistrate Judge for report and recommendation. *See* FED. R. CIV. P. 72; Local Rule 6.02(a).  Although this Court leaves for the District Judge to decide the "objections" within Aetna's response, the Court will address Aetna's general arguments concerning a trial court's authority to remand a case for defects in the removal procedure.

> days after the service of summons upon the defendant if such initial
> pleading has then been filed in court and is not required to be served
> on the defendant, whichever period is shorter. . . .

"[A] named defendant's time to remove is triggered by simultaneous service of the summons and

complaint, or receipt of the complaint 'through service or otherwise.'" *Murphy Bros., Inc. v. Michetti*

*Pipe Stringing, Inc.*, 526 U.S. 344, 347-48 (1999). If the summons and complaint are served together,

the 30-day period for removal runs at once. *Id.* at 35.

      The Eleventh Circuit has held that a district court may not *sua sponte* decide to remand a case

for procedural defects other than lack of subject matter jurisdiction. *Yusefzadeh v. Nelson, Mullins,*

*Riley & Scarborough, LLP,* 365 F.3d 1244, 1245 (11th Cir. 2004); *Whole Health Chiropractic &*

*Wellness, Inc. v. Humana Medical Plan, Inc.,* 254 F.3d 1317, 1320-21 (11th Cir. 2001). A trial court

may remand a case that has been improperly removed within thirty days of the removal; however, the

district judge should wait for the plaintiffs to reveal whether they want to forgive the procedural

defect and accept a federal forum, rather than *sua sponte* remand a case. *Velchez v. Carnival Corp.,*

331 F.3d 1207 (11th Cir. 2003); *Whole Health Chiropractic & Wellness, Inc. v. Humana Medical Plan,*

*Inc.*, 254 F.3d 1317, 1320 (11th Cir. 2001). A motion made by a party "is essential to a remand under

the first sentence of section 1447(c)" because non-jurisdictional objections to removal may be waived.

*In re Continental Casualty Company*, 29 F.3d 292, 294 (7th Cir. 1994) (discussed with approval in

*Whole Health*). "The plaintiff has a right to remand if the defendant did not take the right steps when

removing, but the plaintiff also may accept the defendant's choice of a federal forum. Procedural

defects in removal are in this respect similar to the lack of personal jurisdiction and other

shortcomings that may be waived or forfeited. Having found himself in federal court after removal,

the plaintiff may want to stay there." *In re FMC Corporation Packaging Systems Div.,* 208 F.3d 445,

451 (3rd Cir. 2000) (citing *In re Continental Casualty*, 29 F.3d at 294 and *Ayers v. Watson*, 113 U.S. 594 (1885)).  The example the Eleventh Circuit provides is plaintiffs filing a case with claims arising under federal law in state court rather than federal court to avoid an immediate statute of limitations deadline when the state courthouse is closer in proximity than a distant federal courthouse – with the expectation that the defendant will remove the case to federal court.  *Whole Health*, 254 F.3d at 1321. In this case, Plaintiffs' filing of a Motion seeking remand indisputably indicates that Plaintiffs wish to have the case heard in state court.[2] *Cf. Velchez,* 331 F.3d  at 1210 ("*Sua sponte* means '[w]ithout prompting or suggestion; on its own motion" which did not fit case in which the plaintiff filed a motion seeking remand, albeit on grounds different from those held by trial court).

Plaintiffs contend that this lawsuit should be remanded because Aetna did not file its notice of removal within thirty days of receiving their Complaint, as required by 28 U.S.C.A. § 1446(b). Doc. No. 16.  It is undisputed that Aetna was served with Plaintiffs' Complaint on December 27, 2006, but did not file its Notice of Removal in this Court until January 29, 2007, or thirty-three days later.  Doc. No. 25 ¶ 3.  Aetna contends that because it served Plaintiffs with a copy of the removal papers (in an undisclosed manner) and placed the Notice of Removal in the "overnight" express mail on January 26, 2007, its Notice of Removal was timely "served" within the 30 day time period allotted for removal under 28 U.S.C. § 1446.  Doc. No. 25 ¶ 2.

Pursuant to the clear language of § 1446, the notice of removal "shall be *filed* within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief."  28  U.S.C. § 1446 (emphasis added).  Aetna's *service* of the

---

[2]Assuming *arguendo* that counsel for Aetna's self-serving affidavit is correct, and even if Plaintiffs' counsel did not immediately realize Aetna's Notice of Removal was untimely filed, nonetheless it is clear that Plaintiffs wanted the case remanded and Aetna should not benefit from counsel's miscalculation of days for removal.

removal papers on Plaintiffs is irrelevant for purposes of compliance with § 1446(a), and is actually governed by a different subsection, § 1446(d).  Alternatively, Aetna implies that its late filing on Monday, January 29, 2007 was somehow made timely because the Clerk's office stamped "Filed" on the Notice of Removal, but manually crossed it out and wrote in the word "Received."  Doc. No. 25 ¶ 3.  In general, the Clerk marks only original copies as "Filed" and marks additional copies (submitted along with the original) as "Received."  If a copy is inadvertently marked "Filed" but does not contain the original signature of counsel because it is a copy, the Clerk crosses through the "Filed" stamp, marks it "Received," and returns this copy to the filing party.  Regardless of whether Aetna's returned copies were marked "Filed" or "Received," the fact is that the Notice of Removal was not filed until January 29, 2007, thirty-three days after it was served.  Placing the Notice of Removal with the "overnight" private courier (even if that constituted "mailing" which is questionable) or with the United States Postal Service is insufficient and does not constitute a "filing" at the time the document is put in the mail.  Under Rule 5(b)(2)(a), only *service* – not a filing with the court – may be effectuated by placing a document in the mail.  Aetna cites no case law in support of its contrary position.

Under Federal Rule of Civil Procedure 6, "[w]henever a party has the right or is required to do some act or take some proceedings within a prescribed period after the service of a notice or other paper upon the party and the notice or paper is served upon the party by mail, three days shall be added to the prescribed period."  Fed. R. Civ. P. 6(e).  The courts who have considered the issue have concluded that Rule 6(e) does not extend the statutory 30-day period for filing a notice of removal. *See, e.g., Daniel v. United Wisconsin Life Ins. Co.,* 84 F.Supp.2d 1353, 1357 (M.D. Ala. 2000); *Mitchell v. Kentucky-American Water Co.*, 178 F.R.D. 140, 142 (E.D.Ky.1997); *Connors v. City of*

*Philadelphia,* No. CIV. A. 94-2145, 1994 WL 198659, at *1 (E.D. Pa. May 20, 1994); *L & O Partnership No. 2 v. Aetna Cas. and Sur. Co.,* 761 F.Supp. 549, 550 (N.D. Ill.1991); *Skidaway Assoc., Ltd. v. Glens Falls Ins. Co.,* 738 F.Supp. 980, 981 (D.S.C. 1990); *Perrin v. Walker,* 385 F.Supp. 945, 948 (E.D. Ill.1974). Moreover, it is undisputed that personal service was made on Aetna's registered agent and service was not by mail. Doc. No. 12 at 5.

Failure to file written objections to the proposed findings and recommendations contained in this report within ten (10) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on February 28, 2007.

*David A. Baker*

DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Courtroom Deputy